JOSEPH O. SMITH, INSURANCE COMMISSIONER, in equity,

*vs.*

MAINE MUTUAL ACCIDENT ASSOCIATION,
JOHN A. BURRILL, Intervening Claimant.

Cumberland.    Opinion February 14, 1894.

*Accident Insurance.   Creditor.   Judgment.   Private and Special Laws, 1887, c. 16.*

A policy-holder in the Maine Mutual Accident Association, who has recovered judgment against the company upon a claim under his policy, and demanded payment of the same from the state treasurer out of the company's funds in his hands more than thirty days before equitable proceedings of insolvency were instituted against the company by the state insurance commissioner, does not thereby acquire for his claim any preference over the legal claims of the other creditors of the company.

ON EXCEPTIONS.

This was a case in equity, brought by the Insurance Commissioner of the State, against the defendant corporation to wind up its affairs, and came on for hearing upon the acceptance of the master's report, to which exceptions had been taken by John A. Burrill, a judgment creditor, who had intervened and become a party, so far as said report directed that his claim should share *pro rata* with all other claims allowed by the master instead of being ordered to be paid in full from the deposit made by the defendant company in the hands of the State Treasurer, as security for the certificate holders of said company.

It appeared that the claimant, being a certificate holder in said company, recovered judgment against said corporation in this court, on the twenty-ninth day of April, 1892, for the sum of $500.00; execution issued thereon on the second day of May, 1892, and the attorneys for said creditor, on the thirty-first day of May, 1892, more than thirty days after the rendition of said judgment, during which time the same had remained unsatisfied by the defendant company, made demand upon the State Treasurer that his said judgment be satisfied as provided by the charter of said company, viz: Priv. and Spec. Laws, 1887, c. 16, sec. 5, from the deposit of said company then in his hands for such purpose, which he did not then do, nor has since done.

The bill in this case was filed June 4, 1892, within sixty days from the rendition of said judgment; and it was contended on the part of the company that, especially by the terms of Stat. 1889, c. 237, sec. 6, the claimant was not entitled to receive payment of his claim in full, but must share equally with the other creditors of said company. It was further contended that, under the provisions of the charter of said company, the claimant would not be entitled to payment in full upon winding up of the affairs of the corporation, without the aid of the Stat. of 1889.

It was contended on the part of the claimant, Burrill, that the Priv. and Spec. Laws, 1891, c. 178, aided the contention that his claim should be paid in full, and required that the claim should be so paid and not be compelled to share *pro rata* with the other creditors of the company.

The court ruled, as matter of law, that the plaintiff's claim was not preferred and ordered it to be paid *pro rata* with the other creditors of the company.

The claimant thereupon took exceptions to this ruling.

*Augustus F. Moulton*, for the corporation.

*Heath and Tuell*, for claimant.

The charter of this company is not enlarged or changed by Stat. 1889. Lien was perfected five days before these proceedings. *Gray* v. *Co. Com.* 83 Maine, 429; *Starbird* v.

*Brown*, 84 Maine, 238; *State* v. *Cleland*, 68 Maine, 258; *Fales* v. *Whiting*, 7 Pick. 225; *Harnden* v. *Gould*, 126 Mass. 411.

SITTING: PETERS, C. J., WALTON, EMERY, FOSTER, WHITEHOUSE, JJ.

PETERS, C. J.   The Maine Mutual Accident Association, a society established on the principle of assessments, having fallen into a condition of insolvency, and its affairs having been committed by judicial decree into the hands of a receiver for settlement, that official, acting also in the capacity of master, reported to court a list of the claims allowed by him, among which is that of John A. Burrill, who contends that the amount allowed to him is a preferred claim to be paid in full, and that his claim does not stand on a footing with those of the other creditors.   The justice sitting for the determination of questions arising upon such report disallowed a preference in favor of the claimant, and exceptions to his ruling were taken.

The claimant relies on a section of the charter of the company, in support of his claim, reading as follows:

"If said corporation shall neglect for thirty days to satisfy any judgment recovered against it in any court in this State, upon any certificate issued by it, the said treasurer shall apply the money, so in his hands, to the satisfaction of said judgment; and said corporation shall not transact any further business until said deposit is restored."

The charter also provides how the funds in the State treasurer's hands shall be disposed of for the benefit of creditors in case of insolvency and receivership.   See Ch. 16, Priv. & Spec. Laws of 1887.

The claimant had recovered a judgment against the company for an injury sustained by him while a policy holder, and had demanded payment of the same from the State treasurer who was in possession of the company funds, and more than thirty days had expired after such demand before proceedings were instituted by virtue of which the company was enjoined; and he contends that he thereby acquired a lien for the payment of his judgment in full from such funds.

We are unable to perceive that the claimant became entitled to any such lien upon the funds. There was no attachment or seizure of funds. His judgment was nothing more than a subsisting claim against the company, and not more just and equitable than other claims, as far as is seen in any facts which the case discloses. His claim was in one form while other claims existed in different forms. He had taken more advanced steps than other claimants towards collecting his debt, but those steps fell short of establishing any special title to the funds or lien thereon. This is an equitable proceeding, and equity is equality.

The claimant is opposed in his contention upon another ground. It is urged in opposition to the allowance of his claim, as a preference, that the public act of 1889, (ch. 237,) a general act for the regulation of companies such as this, is applicable here, which allows to the state treasurer sixty days, instead of thirty, within which to respond to a demand made upon him for the payment of judgments against insurance companies having funds in his possession; and in the case before us sixty days had not elapsed after the demand made upon the treasurer before the injunction against the company was granted. But we do not deem it necessary to resort to a decision of this point for the purpose of making more certain or satisfactory our already intimated conclusion.

*Exceptions overruled.*